IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Respondent, No. CR S-05-0171 JAM DAD P

vs.

MARTIN GARCIA-VAZQUEZ,

Movant. FINDINGS AND RECOMMENDATIONS

_______________________________/

Movant has filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. Movant claims that he received ineffective assistance of trial counsel and that the "Federal Government" was without subject matter jurisdiction to prosecute him under 8 U.S.C. § 1326. In opposing the motion for relief, respondent asserts that movant is procedurally barred from pursuing this relief because he expressly waived his right to appeal or collaterally attack his sentence and conviction as part of his plea agreement. Respondent also argues that movant's claims are without merit.

Having considered all the papers filed by the parties and the record in this action, for the reasons set forth below, the court will recommend that the motion be denied.

**PROCEDURAL HISTORY**

On April 19, 2005, a criminal complaint was filed against movant, alleging that he

illegally re-entered the United States following his deportation in violation of 8 U.S.C. § 1326. (Doc. No. 1.) Movant's initial appearance before the court took place that same day and a preliminary hearing was scheduled for May 3, 2005. (Doc. No. 2.) On April 28, 2005, a federal grand jury for the Eastern District of California indicted movant on a violation of 8 U.S.C. § 1326. (Doc. No. 4.) On May 3, 2005, movant was arraigned on the indictment and a jury trial was set for June 27, 2005.[1] (Doc. No. 6.)

On June 9, 2005, the parties stipulated that the scheduled jury trial be vacated so that the parties could have "additional time to confer about a proposed plea agreement and [to] investigate this case." (Doc. No. 8.) On June 23, 2005, the parties filed a plea agreement for the court's consideration. (Doc. No. 9.) That same day movant withdrew his previously entered plea of not guilty and entered a new plea of guilty to the charge.[2] (Docket No. 10.) Pursuant to his plea, and in keeping with his plea agreement, movant was sentenced to the custody of the U.S. Bureau of Prisons for a 51-month term of imprisonment. (Id.)

On December 14, 2005, movant appealed his conviction to the Ninth Circuit Court of Appeals. (Doc. No. 13.) That court dismissed movant's appeal for lack of jurisdiction, citing Federal Rules of Appellate Procedure 4(b)(1)(A) (providing that notice of appeal must be filed within 14 days.) (Doc. No. 21.)

On August 28, 2006, movant filed his § 2255 motion with this court to vacate, set aside, or correct his sentence on his own behalf. (Doc. No. 22 (hereinafter "Motion").) Respondent filed a response opposing the motion on November 8, 2006. (Doc. No. 26 (hereinafter "Response").) Petitioner filed a traverse, styled as a "Reply to Plaintiff's Response" on November 22, 2006. (Doc. No. 27 (herein after "Reply").)

---

[1] Assistant Federal Defender Rachelle Barbour represented movant at his initial appearance and arraignment.

[2] Assistant Federal Defender Matt Bockmon represented movant at his change of plea hearing.

## MOVANT'S CLAIMS

Movant alleges that he received ineffective assistance from his trial counsel. He argues that his counsel failed to "investigate the law" and thereby failed to discover that "for the failure of Congress passing" 8 U.S.C. § 1326, the trial court did not have "subject matter jurisdiction" over his criminal prosecution. (Motion at 4.)[3] Movant also challenges in a general fashion "the legality of his conviction and sentence" based on his argument that the "Federal Government was without subject matter jurisdiction" because § 1326 was "never properly enacted." (Id. at 5.)

## LEGAL STANDARD

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 filed in the court which imposed sentence. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution of laws of the United States. United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999).

In reviewing a motion brought pursuant to § 2255, a federal court shall hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S. C. § 2255. See also United States v. Zuno-Arce, 339 F.3d 886, 889 (9th Cir. 2003). However, to be entitled to an evidentiary hearing the movant must provide specific factual allegations which, if true, state a claim on which relief under § 2255 could be granted. United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984).

## ANALYSIS

As noted above, both of movant's claims involve the assertion that there was

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by petitioner.

some defect with the applicable criminal statute, 8 U.S.C. § 1326, that prohibited his prosecution. In addition to opposing movant's claims on the merits, respondent argues that movant is procedurally barred from asserting his second claim for relief. The court will address the procedural bar issue below, before turning to movant's substantive claims.

I. Waiver of § 2255 Rights in Plea Agreement

A plea agreement is a contract and subject to contract law standards. United States v. Trapp, 257 F.3d 1053, 1056 (9th Cir. 2001). In a plea agreement, a defendant may waive his right to file a motion for relief under 28 U.S.C. § 2255 if done so expressly. United States v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). The right to collaterally attack a judgment of conviction pursuant to § 2255 is statutory, and a knowing and voluntary waiver of a statutory right is enforceable. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir.), cert. denied, 546 U.S. 883 (2005); United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993); United States v. Racich, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999).

Here movant expressly waived both his right to appeal and his right to collaterally attack his sentence pursuant to 28 U.S.C. § 2255. Movant's plea agreement stated, in relevant part:

> The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to freely, knowingly and voluntarily give up the right to appeal any aspect of his conviction or sentence. The defendant also gives up any right he may have to bring a post-conviction attack on any aspect of his conviction or sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking any aspect of his conviction or sentence.

(Doc. No. 9 at 3-4.)

Movant also verbally specifically acknowledged at the hearing on his change of plea that he understood he was giving up his right to appeal or attack the judgment and sentence:

/////

> THE COURT: Do you understand that under the terms of the Plea Agreement, you are giving up your right to appeal or to later attack in any way the judgment and sentence in this case?
>
> THE DEFENDANT: Yes.

(Response, Ex. 2 at 11.)

It is thus apparent that movant waived both his right to appeal and his right to collaterally attack his sentence under 28 U.S.C. § 2255. The Ninth Circuit Court of Appeals has found that a waiver of the right to file a § 2255 motion made pursuant to plea negotiations is enforceable except with respect to a claim that the plea was involuntary or entered into unintelligently. See Washington v. Lambert, 422 F.3d 864, 870-71 (9th Cir. 2005). Accordingly, petitioner's claims for relief are procedurally barred, except to the extent that he is arguing that his plea was involuntary or unintelligently entered as a result of his trial counsel's alleged ineffectiveness.

II. Ineffective Assistance of Counsel

Movant claims that the "federal government was without subject matter jurisdiction" to indict him because 8 U.S.C. § 1326 did not "contain language of an interstate commerce nexus" and, therefore, "the language of the statute does not grant federal subject matter jurisdiction" to the district court. (Motion at 5; Reply at 19.) He argues that his trial counsel "failed to investigate the law" and failed to discover that the federal government did not have "the authority and standing to bring a criminal action" against him in connection with the underlying charge. (Motion at 4.)

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970)); United States v. Span, 75 F.3d 1383, 1386 (9th Cir. 1996). Thus, under the Sixth Amendment a defendant is entitled to "a reasonably competent attorney, whose advice is within the range of competence demanded of attorneys in criminal cases." United States v. Cronic, 466 U.S. 648, 655 (1984) (internal quotations omitted). The

purpose of the effective assistance guarantee is "to ensure that criminal defendants receive a fair trial." Strickland, 466 U.S. at 689. Toward that end, the Sixth Amendment requires that an accused be assisted by an attorney "' who plays the role necessary to ensure that the trial is fair.'" Frazer v. United States, 18 F.3d 778, 782 (9th Cir. 1994) (quoting Strickland, 466 U.S. at 685).

To support a claim of ineffective assistance of counsel, a movant seeking relief under § 2255 must first show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. Movant must therefore identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. Id. at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. Id.; Wiggins v. Smith, 539 U.S. 510, 521 (2003). "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance.' " Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (quoting Strickland, 466 U.S. at 689). There is in addition a strong presumption that counsel "exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland, 466 U.S. at 689).

Second, movant must affirmatively prove prejudice. Strickland, 466 U.S. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. See also Williams v. Taylor, 529 U.S. 362, 391 (2000); Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000). A reviewing court "'need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'" Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697).

The thrust of movant's argument is that his trial counsel was ineffective for failing to investigate "the failure of Congress passing" 8 U.S.C.§ 1326. (Motion at 4.) Movant asserts that his trial counsel should have determined whether "either [the] court or federal government [had] the authority and standing to bring a criminal action against any person whether foreign or not" found inside the United States but not on federal land. (Id.) According to movant, the trail court lacked "jurisdiction of the subject matter" and his trial counsel's failure "to know the court's jurisdiction" rendered him ineffective. (Reply at 2.)

The Ninth Circuit however has repeatedly recognized the constitutionality of prosecutions pursuant to 8 U.S.C. § 1326 in situations nearly identical to movant's.

> Does Congress have the authority to regulate immigration? Of course. May Congress, pursuant to that authority, enact criminal laws aimed at enforcing its immigration policies? Yes. Is § 1326 such a law? We hold today that it is.

United States v. Hernandez-Guerrero, 147 F.3d 1075, 1078 (9th Cir. 1998). See also United States v. Ruiz-Chairez, 493 F.3d 1089, 1091 (9th Cir. 2007) (reaffirming that § 1326 is a legitimate exercise of Congress's immigration power.)

In Hernandez-Guerrero Border Patrol agents arrested Hernandez-Guerrero near Campo, California, just north of the Mexican Border. 147 F.3d at 1076. The government obtained an indictment against Hernandez-Guerrero, charging him with violating 8 U.S.C. § 1326. (Id.) Hernandez-Guerrero moved to dismiss the indictment and the district court denied the motion. (Id.) The Ninth Circuit affirmed, holding that "Congress possessed ample authority to enact § 1326 pursuant to its inherent immigration power." (Id. at 1078.) See also Ruiz-Chairez, 493 F.3d at 1091 (Under likewise similar facts observing that "[w]e have recognized that § 1326 is a legitimate exercise of Congress's immigration power.")

The facts of Hernandez-Guerrero are nearly identical to those here. See 147 F.3d at 1076. Thus, there does not appear to have been any basis upon which trial counsel could have challenged movant's prosecution on the jurisdictional grounds now raised by movant. Any

challenge to the court's jurisdiction by trial counsel, therefore, would have been meritless. There is, of course, no obligation to raise meritless arguments on a client's behalf. See Strickland, 466 U.S. at 687-88 (requiring a showing of deficient performance as well as prejudice). Therefore, movant can establish neither deficient performance by his trial counsel nor prejudice stemming from the alleged error. Accordingly, petitioner is not entitled to relief under § 2255 with respect to his claim of ineffective assistance of trial counsel.

CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that movant's August 28, 2006 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In any objections he elects to file petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case. See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: June 26, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
garcia-vazquez171.2255